ACCEPTED
01-04-00933-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/10/2015 5:14:56 PM
CHRISTOPHER PRINE
CLERK

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/10/2015 5:14:56 PM

CHRISTOPHER A. PRINE
Clerk

01-14-00933-CV

IN THE

# FIRST COURT OF APPEALS

at Houston, Texas

## J & J CONTAINER MANUFACTURING, INC.

Appellant

v.

## CINTAS - R. U.S., L.P.

Appellee

Appealed from County Civil Court at Law No. 3
Harris County, Texas
1044425

## APPELLANT'S BRIEF
### in support of
### RESTRICTED APPEAL

01-14-00933-CV

IN THE

**FIRST COURT OF APPEALS**

at Houston, Texas

**J & J CONTAINER MANUFACTURING, INC.**

Appellant

v.

**CINTAS - R. U.S., L.P.**

Appellee

Appealed from the County Civil Court at Law  No. 3 ,Harris County, Texas
1044425

| | |
|---|---|
| J & J Container Manufacturing, Inc.<br>1526 DeSoto<br>Houston, TX 77081 | Appellant |
| M. Robert Garcia<br>SBN:07639150<br>405 Main Street, Suite 300<br>Houston, TX 77002 | Attorney for Appellant |
| Cintas-R. U.S., L.P.<br>Houston, TX | Appellee |
| Allen D. Russell<br>Taylor Taylor & Russell<br>815 Walker, Suite 250<br>Houston, TX 77002-5764 | Trial Counsel for Appellee |

i

# TABLE OF CONTENTS

Page

PARTY INFORMATION SHEET ................................................................. i

INDEX OF AUTHORITIES ...................................................................... iii,iv

EXHIBITS.................................................................................................. v

CAUSE OF ACTION/ISSUE.................................................................... 2

PROCEDURAL HISTORY & BACKGROUND ....................................... 3

ARGUMENTS AND AUTHORITIES....................................................... 4

POINTS OF ERROR ................................................................................. 6,8

CONCLUSION ......................................................................................... 10

PRAYER................................................................................................... 11

# INDEX OF AUTHORITIES

**CASES**                                                                                       **PAGE**

1.  *Questor Invs. v. State of Chiapas*, 997 S.W. 2d,
    226, 227 (Tex. 1999).................................................... 5

2.  *Norman Comms. v. Texas Eastman Co.*, 955 S.W. 2d
    269, 270 (Tex. 1997) .................................................... 5

3.  *Fidelity & Guaranty Ins. v. Drewery Constr. Co.*, 186
    S.W.3d 571,573 (Tex. 2006).......................................... 7

4.  *Primate Constr. v. Silver*, 884 S.W. 2d 151,152
    (Tex. 1994) ................................................................. 7

5.  *Uvalde Country Club v. Martin Linen Supply Co.*, 690
    S.W. 2d 884,885 (Tex. 1985) ........................................ 7

6.  *Wright Bros. Energy , Inc. v. Krough*, 67 S.W. 3d 271, 273
    (Tex. App. - Houston [1st Dist.] 2001, no writ ............................. 7,8

7.  *McKanna v. Edgar*, 388 S.W. 2d 927,929 (Tex. 1965) ................ 7

8.  *Maddison Dual Fuels, Inc. v. Southern Un. Co.*, 944
    S.W. 2d 735, 738 (Tex. App. - Corpus Christi 1997) .................... 7

9.  *Ingram Industries, Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W. 3d 31, 34
    (Tex. App. - Houston [1st Dist.] 2003, no pet.) ............................ 10

8.  *Wilson v. Dunn*, 800 S.W. 2d, 833, 837 (Tex. 1990) ..................... 10

10. *Midstate Envt. Services v. Peterson*, 435 S.W. 3d 287,290 (Tex. App. - Waco 2014, no pet.) ..................................................... 12

11. *Westcliffe, Inc. v. Bear Creek Constr., Ltd.,* 105 S.W. 3d 286, 290 (Tex. App. - Dallas 2003, no pet.) ..................................................... 15

12. *Lozano v. Hayes Wheels Int'l, Inc.,* 933 S.W. 2d 245, 247 (Tex. App. - Corpus Christi 1996, no writ) ..................................... 16

**STATUTES**                                     **PAGE**

1. Tex. R. App. P 26.1( c ), 30 ........................................................ 1,5

2. Bus. Orgs. Code §§ 5.521(1)(B), 5.255(1) .................................. 2,3,8,12

3. Tex. R.Civ 15.......................................................................... 11,15,16

4. Tex. R. Civ. P. 99 ..................................................................... 11,15,16

5. Civ. Prac. & Rem. Code, §17.045(a) .......................................... 11,15, 16

6. Bus. Orgs. Code, §5.253(b)(1)................................................... 12

7. Tex. R. Civ. P. 106(b) ............................................................... 14

8. Tex. R. Civ. P. 107(a)................................................................ 14

iv

## EXHIBITS

**LETTER**                                                                **TAB**

A          Clerk's Record of Civil Court at Law No. 3, Harris County
           Texas for Case No. 1044425; *Cintas-R. U.S., L.P. v. J & J
           Container Manufacturing, Inc.* ..................................................... 1


B          Clerk's First Supplemental Record of Civil Court at Law
           No. 3, Harris County Texas for Case No. 1044425; *Cintas-R. U.S.,
           L.P. v. J & J Container Manufacturing, Inc.* ........................... 2

v.

01-14-00933-CV

IN THE

**FIRST COURT OF APPEALS**

at Houston, Texas

---

**J & J CONTAINER MANUFACTURING, INC.**

Appellant

v.

**CINTAS - R. U.S., L.P.**

Appellee

---

Appealed from the County Civil Court at Law  No. 3
Harris County, Texas
1044425

---

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now J & J Container Manufacturing, Inc., Appellant, Movant here (hereinafter called "J& J") by and through its attorney of record, M. Robert Garcia, and pursuant to Rule 26.1   ( c ) and Rule 30 of the Texas Rules of Appellant

1

Procedure respectfully requests that the First Court of Appeals set aside a Default Judgment rendered against Appellant and grant a New Trial and in support would show unto the Court the following:

## I. Cause of Action

1.1 This cause of action is an appeal from the granting of a default judgment against "J & J" and in favor of appellee Cintas - R. U.S., L.P. The Final Default Judgment was signed by the Honorable Linda Storey, presiding judge of County Civil Court at Law No. 3 of Harris County, Texas under the trial court's cause number 1044425 and styled *Cintas - R. U.S., L.P. v. J & J Container Manufacturing, Inc.* The order being appealed was signed by the trial court on June 3, 2014.

1.2 The sole issue on appeal is whether a lack of jurisdiction as to Defendant "J&J" is apparent on the face of the trial court's record, thus invalidating the trial court's default judgment.

1.3 Appellant filed its Notice of Intent to File a Restricted Appeal on November 18, 2014.

1.4 The issues on appeal are:

(1) Whether the court lacked jurisdiction over Defendant "J & J" because Plaintiff failed to strictly comply with the service requirements of Bus. Orgs. Code §§5.251(1)(B), 5.255(1) under the original citation,

2

that is Plaintiff did not use reasonable diligence in serving Defendant's president, vice president, or registered agent at its registered office, before resorting to substitute service on the Secretary of State, thus rendering the default judgment invalid.

(2)     Whether the court lacked jurisdiction over Defendant "J & J" because Plaintiff failed to strictly comply with the service requirement of Bus. Orgs. Code §§ 5.251(1)(B), 5.255(1) under the original citation, that is, ascertaining that the citation requesting service of process through the Secretary of State, met all statutory requirements under Tex. R.Civ. P, 15, 99, Civ. Prac. & Rem. Code §17.045(a) and Bus. Orgs. Code §5.521, and thus rendering the default judgment invalid.

(3)     Whether the court lack jurisdiciton over Defendant "J & J" because Plaintiff failed to strictly comply with the substitute service requirements of Tex. R. Civ. Pro. 106(b)(1) and 106(b)(2) by failing to file a Motion for Substituted Service, specifically requesting the court's authority to serve the Texas Secretary of State as allowed by the Bus. Orgs. Code §5.253(b)(1), and thus rendering the default judgment invalid.

## II. Procedural History & Background

2.1     Plaintiff initially filed this lawsuit on February 27, 2014.

2.2     On that same date, Plaintiff requested an "Original Petition Citation" to be issued. The Original Petition Citation is addressed to: "J & J Container Manufacturing, Inc., a corporation *by Serving the Secretary of State*" (emphasis added) and adds "Defendants Address: registered agent, Anthony Lewis Cook, 6124 W. Little York, Houston, TX 77091."

3

2.3 Presumably, Plaintiff then forwarded the Original Petition and Citation to the Texas Secretary of State for service of process.

2.4 The Secretary of State received the request for service on April 2, 2014 and forwarded a copy on April 7, 2014 to: J & J Container Manufacturing, Inc., Registered Agent, Anthony Lewis Cook, 6124 W. Little York, Houston, Texas 77091.

2.5 The Process was returned to the Secretary of State ... "on April 23, 1014, Bearing the notation Return to Sender, Not Deliverable As Addressed, Unable to Forward."

2.6 Plaintiff then presumably requested, received and filed the Whitney certificate provided by the Secretary of State.

2.7 On May 21, 2014, Plaintiff filed a Motion for Default Judgment.

2.8 On June 3, the trial court held a hearing, granted Final Default Judgment in favor of Plaintiff and signed the order. There was no reporter's record made of the hearing.

2.9 Plaintiff filed an Abstract of Judgment on July 7, 2014.

2.10 Plaintiff requested a Writ of Execution on July 7, 2014.

2.11 Appellant, J & J filed its Notice of Intent to File Restricted Appeal on November 18, 2014.

## III. ARGUMENT AND AUTHORITIES

3.1     To prevail on its restricted appeal, J & J must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) that it was a party to the underlying lawsuit; (3) that it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) that error is apparent on the face of the record. Tex. R. Civ. P. 26.1 ( c ), 30; *Questor Invs. v. State of Chiapas,* 997 S.W. 2d 226,227 & n.1 (tex. 1999); *Norman Comms. v. Texas Eastman Co.,* 955 S.W. 2d 269, 270 (Tex. 1997)

3.2     Plaintiff files its Motion for Default Judgment according to the Clerk's Record on May 2, 2014. *(See Exhibit A, Clerk's Record, Bates Numbers 000017-000031)*

3.3     A hearing for Final Default Judgment was held on June 3, 2014 and the order granting Final Default Judgment was signed the same day by the Honorable Linda Storey. *(See Exhibit A, Clerk's Record, Bates Numbers 000032-000033)*

## IV.   ERRORS APPARENT ON THE FACE OF THE RECORD

4.1   When a default judgment is attacked by restricted appeal, there is no presumption in favor of valid issuance, service and return of service. *Fidelity & Guaranty Inc. v. Drewery Constr. Co.,* 186 S.W. 3d 571, 573; see *Primate Constr. v. Silver,* 884 S.W. 2d 151,152 (Tex. 1994) Failure to show strict compliance with the rules relating to proper service renders any attempted service invalid and requires the court to set aside the default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W. 2d 884,885 (Tex. 1985)   Jurisdiction over a defendant must be established in the record by an affirmative showing of service of citation independent of recitals in the default judgment. *Wright Bros. Energy, Inc. v. Krough,* 67 S.W. 3d 271, 273 (Tex. App. -Houston [1st Dist.] 2001, no writ)   Additionally, strict compliance must be affirmatively shown in the record unless the defendant voluntarily appears before judgment. *McKanna v. Edgar,* 388 S.W. 2d 927,929 (Tex. 1965)

4.1   "[A] default judgment obtained after an attempted substitute service will not stand without a showing by the plaintiff that, before it resorted to service on the Secretary of State, it first used reasonable diligence in seeking service on the registered agent of the corporation

7

at the registered office." *Maddison Dual Fuels, Inc. v. Southern Un. Co.,* 944 S.W. 2d 735,738 (Tex. App. - Corpus Christi 1997) Additionally, the record must show on its face that the plaintiff used reasonable diligence to serve the corporation's president, vice-president or registered agent at its registered office. *See Bus. Orgs. Code* §§5.521(1)(B), 5.255(1); *Wright Bros. Energy, Inc. v. Krough,* 67 S.W. 3d 271, 274 (Tex. App. - Houston, [1st Dist.] 2001, no. pet.) To establish reasonable diligence, the record must establish more than just some problem with the address. *Wright Bros.* 67 S.W. 3d at 275 (return citation must explain why service was not accepted) *See also* Bus. Orgs. Code §§5.521(1)(B), 5.255(1)

**FIRST POINT OF ERROR:** **Whether Plaintiff failed to demonstrate reasonable diligence in seeking service on Defendant's registered agent.**

4.2   Upon the filing of Plaintiff's Original Petition, Plaintiff also requested issuance of an Original Citation directed to Defendant, J & J, naming Defendant's registered agent and providing the address of the registered agent where process should be served. However, the

8

Original Citation also requested that Defendant be served "by Serving the Secretary of State". *(See Exhibit A- Clerk's Record, Bates Number 000044)*

4.3     Furthermore, Plaintiff states in its Original Petition that " J & J Container Manufacturing, Inc. failed to appoint or maintain a registered agent in this State and its registered agent, Anthony Lewis Cook, cannot with reasonable diligence be found at the registered office at 6124 W. Little York, Houston, Texas 77091. Therefore, the Secretary of State shall be an agent of J & J Container Manufacturing, Inc. upon whom process may be served." *(See Exhibit A - Clerk's Record Bates Numbers 000004-000005)*

4.4     There is no evidence in the Clerk's Record *(See Exhibit A- Clerk's Record, Bates Numbers 000001-000040)* nor in the First Supplemental Clerk's Record, *(See Exhibit B - First Supplemental Clerk's Record, Bates Numbers 000041-000057)* that Plaintiff ever made any attempts to serve Defendant's registered agent. There is no return citation on file with the clerk which indicates why the registered agent could not be served or at least indicates the number of attempts that were made to serve Defendant's registered agent. Therefore, there is no evidence on the face of the record which

9

demonstrates that any reasonable diligent efforts that were made to serve Defendant. Plaintiff must establish, before resorting to substitute service on the Secretary of State, that it used reasonable diligence in seeking service on the registered agent of a corporation. *Ingram Industries, Inc. v. U.S. Bolt Mfg. Inc.* 121 S.W. 3d 31,34 (Tex. App. - Houston [1st Dist.] 2003, no pet.) A default judgment is simply improper against a defendant who has not been served in strict compliance with the law. *Wilson v. Dunn,* 800 S.W. 833, 837 9Tex. 1990)

4.5 Furthermore, there is no evidence in the Clerk's record that Plaintiff filed a "First Amended Original Petition" requesting that substituted service be made on the Secretary of State. Additionally, there is no evidence that Plaintiff then requested the issuance of an alias citation naming the Secretary of State as the agent for service of process for J & J. *(See Exhibit A - Clerk's Record, Bates Numbers 000001-000040 and Exhibit B- First Supplemental Clerk's Record, Bates Numbers 000041-000057)*

4.6 The Court should overturn the decision of the trial court because reasonable diligence was not used to serve Defendant prior to seeking substituted service through the Secretary of State. Specifically,

10

Plaintiff did not even request that its Original Citation be issued solely naming the Registered Agent of the Defendant corporation. There is simply no evidence in the record that demonstrates any efforts made by Plaintiff to serve Defendant's registered agent. Instead, Plaintiff apparently and immediately sought substitute served through the Secretary of State. *(See Exhibit B - First Supplemental Clerk's Record, Bates Number 000044)* Defendant J & J was not afforded due process and the default judgment should be overturned and the case remanded to the trial court for a new trial.

**SECOND POINT OF ERROR:** **Whether the citation complies with Tex. R. Civ. P 15, 99 and Civ. Prac & Rem. Code §17.045(a). The citation must contain the following information: (1) identify the statute authorizing service, (2) the defendant's name, (3) the most recent address of the entity on file and (4) when specified by statute, the proper identification of the address.**

4.7     Plaintiff requested issuance of a citation attempting to name the Secretary of State as agent for substitute service of process. However, the citation does not identify the statute authorizing service and

11

therefore the citation is defective and service is invalid. *(See Exhibit B- First Supplemental Clerk's Record, Bates Number 000044)*

4.8 Pursuant to Tex. R. Civ. P. 99(b)(2), the citation shall be signed by the clerk under seal of court. The copy of the citation provided in the Clerk's First Supplemental record does not contain a seal nor a signature of the deputy clerk and is therefore defective. *See Midstate Envt. Servs v. Peterson,* 435 S.W. 3d 287,290 (Tex. App. - Waco 2014, no pet.) Also, (See Exhibit B - First Supplemental Clerk's Record, Bates number 000044)

4.9 Plaintiff also does not provide the "most recent address of entity on file" as required by Bus. Orgs. Code §5.253(b)(1) Plaintiff's own pleadings contained Defendant's "most recent address of the entity on file". On page two (2) of Plaintiff's Original Petition, *(See Exhibit A-Clerk's Record, Bates number 000005),* Plaintiff states: " A true and correct copy of said agreement is attached hereto as Exhibit "A". The contract was executed by an authorized representative of defendant." *(See Exhibit A - Clerk's Record, Bates Numbers 000008-000015)*

4.10 Exhibit "A" of Plaintiff's Original Petition is a copy of the contract made the subject of this lawsuit. The "most recent address of entity on file" can be found at the top of page 1 of the contract. *(See Exhibit A- Clerk's Record, Bates Number 000008)* Had Plaintiff provided the "most recent address of entity on file", Defendant might have been properly served. Instead, Plaintiff provided the address for the registered agent which had already been determined to be invalid, with predictable results.

**THIRD POINT OF ERROR: Whether Plaintiff strictly and correctly complied with the process used to request substitute service on the Secretary of State.**

4.11 When Plaintiff filed its Original Petition, it also requested an original citation to be issued but instead of seeking to served Defendant's Registered agent, Plaintiff requested that the Citation also include wording seeking substitute service through the Secretary of State. *(See Exhibit A - First Supplemental Clerk's Record, Bates Number 000044)* In order to have correctly complied, Plaintiff should have requested the Original Citation be issued solely to Defendant, naming

13

the Registered Agent as the person to be served, even if Plaintiff knew that the agent was no longer at that address.

4.12 The process server then should have attempted to serve the Registered Agent and noted any and all attempts at service on the return. Tex. R. Civ. P 107(a) Upon not being able to serve the Registered Agent, the process server should have noted on the return the number of attempts and why process was not able to be served and filed it with the court clerk. Tex. R. Civ. P. 107(a) . No such return was filed with the clerk. *(See Exhibits A and B - Clerk's Record and First Supplemental Clerk's Record, Bates Numbers 000001-000040 and 000041- 000057)*

4.13 The filing of the unexecuted citation along with the return would have provided the "reasonable diligence" documentation needed to go forward with substitute service. But this was not done Then, Plaintiff, to be extra cautious, could have filed a Motion for Substitute Service under Tex. R. Civ. P, 106, secured the court's order for substitute service, filed an Amended Original Petition and correctly requested an alias citation to be issued naming the Secretary of State and then forwarded process to the Secretary of State.

14

4.14 Plaintiff did not follow this process and so service is defective and the Court should overturn the trial court's rulings and remand the case to the trial court for a new trial

## V. CONCLUSION

5.1 The Court should overturn the trial court and grant a new trial because there were defects in service. Specifically,

a. defendant was served by substitute service by serving the Secretary of State, but plaintiff did not strictly comply with the appropriate statutes and rules for substitute service. *See* Tex. R. Civ. P. 106(b) Specifically, Plaintiff failed to exercise reasonable diligence in serving Defendant or its registered agent prior to seeking substitute service. Plaintiff also apparently tried to circumvent the requirements of Tex.R. Civ. P. 15, 99; Civ. Prac. & Rem. Code §17.045(a) and Bus. Orgs. Code §5.251(1)(B) and 5.255(1) by requesting in its Original Citation, that service be authorized on the Secretary of State. There is simply no evidence in the Clerk's files that demonstrate any effort by Plaintiff to serve Defendant or its registered agent, prior to resorting to service upon the Secretary of State. There is no evidence because no such diligence was exercised by Plaintiff before mailing the process to the Secretary of State.

15

b.    A default judgment rendered following substitute service is void if the plaintiff did not strictly comply with the rules for service of citation. *Westcliffe, Inc. v. Bear Creek Constr. Ltd.*, 105 S.W. 3d 286, 290 (Tex. App.- Dallas 2003, no pet.); *Lozano v. Hayes Wheels Int'l, Inc.* 933 S.W. 2d 245, 247 (Tex. App. - Corpus Christi 1996, no writ)

c.    The citation used to constructively serve defendant through the Secretary of State was defective in that Plaintiff failed to originally request that the Original Citation name only Defendant and its registered agent. Secondly, Plaintiff failed to even attempt a single time to serve Defendant's agent. Plaintiff apparently tried to contact the registered agent or checked the address to see if the registered agent was still there and did not find him. These may have been the "reasonable diligent efforts" that perhaps Plaintiff used to locate the registered agent. These attempts are not, however, the same as attempting to serve the agent ***after*** issuance of the citation.

Furthermore, the citation that was issued did not list the statute under which service was being requested and therefore service of process was invalid. *(See* Civ. Prac. & Rem. Code §17.045(a); Tex. R. Civ. P 15, 99) And finally, the citation in the clerk's file is not signed

nor does it have the requisite seal. This makes the citation defective and the service of process invalid.

## VI. PRAYER

6.1 For all of the above reasons and in the interest of justice and fairness, Appellant respectfully requests that the Court reverse the rulings of the trial court and remand the case for a new trial.

6.2 And if a new trial is ordered, Appellant also prays that the Court order Defendant to return all of the funds which it had to pay to satisfy the judgment in order to keep from having its manufacturing equipment seized and sold at auction.

Respectfully submitted,

/M.Robert Garcia/

M. Robert Garcia
SBN: 07639150
405 Main Street, Suite 300
Houston, TX 77002
(713) 223-0908
(713) 229-9448 Fax
Mrobgarcia@aol.com
ATTORNEY FOR APPELLANT
J & J Container Manufacturing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of J & J Container Manufacturing, Inc.'s Appellant's Brief was served to all parties or counsel of record on this the 10th day of February, 2015 in accordance with the Tex. R. Civ. P., via regular mail, certified mail, return receipt requested, electronic service and/or via facsimile addressed as follows:

Allen D. Russell
Taylor Taylor & Russell
815 Walker, Suite 250
Houston, TX 77002
arussell@taylaw.com

/M. Robert Garcia/

18

TAB 1

# Exhibit "A"

# CLERK'S RECORD

Notice of Appeal

Trial Court Cause No. 1044425

In the County County Civil Courts Court Number Three (3)
of Harris County, Texas

Honorable LINDA STOREY, Judge Presiding

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/8/2014 9:47:47 AM
CHRISTOPHER A. PRINE
Clerk

Cintas-R. U.S., L.P., Plaintiff(s)

vs.

J & J Container Manufacturing, Inc., Defendant(s)

Appealed to the

14th Court of Appeals, at Houston, Texas

Attorney for Appellant(s):

Name: M. Robert Garcia

Address: 405 Main Street, Suite 300, Houston, Texas 77002

Telephone no.: (713) 223-0908

Fax no.: (713) 29-9448

E-mail address: Mrobgarcia@aol.com

SBOT no.: 07639150

Attorney for: J & J Contianer Manufacturing, Inc.

Name of clerk preparing the clerk's record: Alegria, Joshua (CCO)

T00000

| Event Date | Event Type | Vol - Page |
|------------|------------|------------|
| 12/8/2014 | Cover Page | 1 - 1 |
| 12/8/2014 | Index | 1 - 2 |
| 12/8/2014 | Caption | 1 - 3 |
| 2/27/2014 | Plaintiff's Original Petition | 1 - 4 |
| 5/1/2014 | Citation Returned | 1 - 16 |
| 5/21/2014 | Plaintiff's Motion for Default Judment | 1 - 17 |
| 6/3/2014 | Final Default Judgment | 1 - 32 |
| 11/18/2014 | Notice of Intent to File Restricted Appeal | 1 - 34 |
| 12/8/2014 | Certification Page | 1 - 37 |
| 12/8/2014 | Docket Sheet | 1 - 38 |
| 12/8/2014 | Bill of Cost | 1 - 40 |

Comments:

000002

# OFFICE OF STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
## CIVIL COURTS DEPARTMENT

**CAPTION**

THE STATE OF TEXAS            \*         IN THE COUNTY CIVIL COURT
                                      \*                  AT LAW
                                      \*       HARRIS COUNTY, TEXAS

At a term of the County Civil Court at Law No. **Three (3)** of Harris County, Texas, this began in said county on the **3ʳᵈ day of November, 2014** and which terminated on **27ᵗʰ day of December, 2014.** The Honorable **LINDA STOREY** sitting as judge of said court, the following proceedings where had, to wit:

Docket No. **1044425**

\*       IN THE COUNTY CIVIL COURT
\*
\*       AT LAW **Three (3)**
\*
         HARRIS COUNTY, TEXAS

**CINTAS-RUS LP**
    **VS.**
**J & J CONTAINER MANUFACTURING INC**

CCCL-2014-409090

000003

CAUSE NO. **1044425**

| | | |
|---|---|---|
| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. **3** |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | |
| | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cintas-R.U.S., L.P., hereinafter referred to as Plaintiff, and files this its

Plaintiff's Original Petition against J & J Container Manufacturing, Inc., Defendant herein, and for

cause of action would respectfully show this Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Discovery in this case is to be conducted under Level 1. Rule 190, Tex. R. Civ. P.

### II.

### PARTIES

Plaintiff, Cintas-R.U.S., L.P., is a limited partnership existing and operating under the laws

of the State of Texas conducting business in Harris County, Texas.

Defendant, J & J Container Manufacturing, Inc., is a corporation doing business in Harris

County, Texas. Per Sec. 5.251 of the Texas Business Organizations Code, Service of Process,

J & J Container Manufacturing, Inc. failed to appoint or maintain a registered agent in this State and

its registered agent, Anthony Lewis Cook, cannot with reasonable diligence be found at the

1

000004

registered office at 6124 W. Little York, Houston, Texas 77091. Therefore, the Secretary of State shall be an agent of J & J Container Manufacturing, Inc. upon whom process may be served.

## III.

## NATURE OF SUIT, JURISDICTION AND VENUE

This is an action to recover monetary damages currently due and owing by Defendant due to its breach of the Standard Uniform Rental Service Agreement.

The agreement made the basis of this lawsuit was entered into in Harris County, Texas. Plaintiff's cause of action arose in Harris County, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.

## FACTS

Cintas and J & J Container Manufacturing, Inc. entered into a Standard Uniform Rental Service Agreement ("Agreement") on or about 8/7/13, whereby Plaintiff agreed to furnish goods, wares, merchandise and services to the Defendant. A true and correct copy of said agreement is attached hereto as Exhibit "A." The contract was executed by an authorized representative of Defendant. Alternatively, the person who signed on behalf of Defendant had apparent or implied authority to bind Defendant, and/or Defendant ratified the actions of the representative who signed the contract. J & J Container Manufacturing, Inc. expressly repudiated and breached the contract with Cintas. Cintas keeps a systematic record of the account of Defendant. Defendant has failed and refused, and continues to fail and refuse to pay the outstanding invoices for goods and services received under the terms of the contract. The total unpaid account owed by J & J Container Manufacturing, Inc. excluding liquidated damages is $441.46.

2

000005

Additionally, in the event of a breach, Defendant, J & J Container Manufacturing, Inc. agreed and promised to pay Plaintiff, pursuant to the terms of the Standard Uniform Rental Service Agreement, the greater of 50% of the average weekly invoice total multiplied by the number of weeks remaining in the unexpired term, or buy back all garments and other products allocated to Customer at the then current replacement values. Based upon this calculation, Cintas is entitled to an additional $13,814.52 from J & J Container Manufacturing, Inc. because of Defendant's cancellation of the contract prior to the termination date.

## V.

## CAUSES OF ACTION

Breach of Contract: Defendant has expressly breached the contract which it entered into with Cintas. As a proximate result of such breach, Plaintiff has been damaged in the amount of $441.46 for unpaid invoices and pursuant to the liquidated damages portion of the Contract in the principal sum of $13,814.52. The amount of such damages are clearly reflected in the invoices and terms of the Agreement. Alternatively, Plaintiff is entitled to recover its costs and profits lost due to Defendant's breach over the life of the contract between Cintas and J & J Container Manufacturing, Inc. Such amount is in the alternative to the liquidated damages claimed.

## VI.

## ATTORNEY'S FEES

As a result of the failure and refusal of Defendant to pay for the contractual debt owed after demand was made, Plaintiff was required to engage the services of the undersigned counsel to bring this action. Plaintiff has agreed to pay its counsel a reasonable attorney's fee. Pursuant to Tex. Civ. Prac. and Rem. Code, Sec 38.001, et seq., Plaintiff is entitled to recover its reasonable and necessary

3

000006

attorney's fees from Defendant for the initiation and prosecution of this cause for which it now sues.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Cintas-R.U.S., L.P., prays that Defendant, J & J Container Manufacturing, Inc., be cited to appear and answer herein, and that upon final trial hereof, Plaintiff have and recover judgment against Defendant for the following:

(1) Damages for unpaid invoices in the amount of $441.46;

(2) Liquidated damages pursuant to the Standard Uniform Rental Service Agreement in the total amount of $13,814.52;

(3) Alternatively, Plaintiff seeks recovery of its costs and lost profits;

(4) Pre-judgment interest;

(5) Reasonable and necessary attorney's fees;

(6) Post-judgment interest on the entire amount of the judgment, and attorney's fees, at the highest applicable legal rate from the date of judgment until such judgment is paid in full;

(7) Any and all costs of court incurred by Plaintiff herein; and

(8) Such other and further relief, general or specific, at law or at equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No.: 00784889
815 Walker, Suite 250
Houston, Texas 77002
arussell@taylaw.com
(713) 615-6060 - Telephone
(713) 615-6070 - Facsimile

**ATTORNEY FOR PLAINTIFF,
CINTAS-R.U.S., L.P.**

4

000007



Service Location No. :082 (NW HOUSTON, TX)

MLRA/NA : _____     Account Number : _____

# STANDARD UNIFORM RENTAL SERVICE AGREEMENT

Contract No. : _____

Date :08/07/2013 _____

Customer Name : J&J Container _____     DBA Name : _____

Delivery Address : 1526 DeSoto _____     Delivery Add Line 2: _____

City : Houston _____     State: Texas _____     Zip : 77091 _____ - _____     Phone : (713) 440-0120

## UNIFORM PRICING:

| Item # | Description | Inventory | Del Freq | Unit Price |
|---|---|---|---|---|
| 00935 | COMFORT SHIRT | 1 | W - Weekly Delivery | $0.280 |
| 00330 | COTTON WORK SHIRT | 1 | W - Weekly Delivery | $0.370 |
| 00894 | DENIM JEAN | 1 | W - Weekly Delivery | $0.490 |
| 00382 | CARHARTT CARP JN | 1 | W - Weekly Delivery | $0.490 |

- This agreement is effective as of the date of execution for a term of  36  months from  the date of installation.

- The additional charges listed below are subject to adjustment by Company effective upon notice to Customer, which notice may be in the form of an invoice.
- Name Emblem   $ 1.50 _____ ea    • Company Emblem $ 2.25 _____ ea
- Custom Emblem  $ 2.50 _____ ea    • Embroidery  $ 4.99 _____ ea (direct embroidery requires a buy back agreement)

   Pricing of emblems is valid for initial installation only.

- COD Terms $ 16.50 _____ per delivery charge for prior service (if Amount Due is Carried to Following Delivery)
- Credit Terms - Charge Payments Due 10 Days After End of Month

## AUTOMATIC LOST REPLACEMENT CHARGE DETAILS

| Item # | % of Inventory | Price / ea |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

- Minimum Charge:$ 40.00 _____ per delivery.
- Make-up Charge: $ 2.25 _____ per garment.
- Non-Standard/Special Cut Garment (i.e., non-standard, non-stocked, unusually small or large sizes, unusually short or long sleeve or length, etc) premium $ 0.15 _____ per garment per delivery.
- Seasonal Sleeve Change $ 3.00 _____ per change per garment.
- Under no circumstances will the Company accept textiles bearing free liquid.  Shop towels may not be used to clean up oil or solvent spills. Shop towel container $ _____ per delivery.
- Artwork Charge for Logomat $ 125.00 _____
- Uniform Storage       Lockers:$ _____ ea/delivery, Laundry Lock-up: $ _____ ea/delivery      Shipping: $ _____
- Service Charge $ 8.95 _____ per delivery.

   This Service Charge is used to help Company pay various fluctuating current and future costs including, but not limited to, costs directly or indirectly related to the environment, energy issues, service and delivery of goods and services, in addition to other miscellaneous costs incurred or that may be incurred in the future by Company.

- Size Change: Customer agrees to have employees measured by a Cintas representative using garment "size samples". A charge of $ 5.00 _____ per garment will be assessed for employees size changed within 4 weeks of installation.



Exhibit A

000008

- Uniform Advantage $ 0.06 _____ per garment.

  Uniform Advantage covers damaged garments needing replaced outside of normal wear and tear. Uniform Advantage does not cover lost or unreturned garments. The Customer or Company may cancel Uniform Advantage at any time.
- Other: _____

## FACILITY SERVICES PRODUCTS PRICING:

| Item # | Description | Rental Freq | Inventory | Unit Price | Discount |
|--------|-------------|-------------|-----------|-----------|----------|
|        |             |             |           |           |          |

☐ Floor     ☐ Restroom     ☐ Kitchen     ☐ Restaurant

**No** — Select Yes if Unilease. All garments will be cleaned by Customer.

**No** — Select Yes if receiving Linen Service. Company may make periodic physical inventories of items in possession or under control of Customer.

**No** — Select Yes if receiving direct embroidery. If service is discontinued for any employee, or Customer deletes any of the garments with the direct embroidery for any reason, or terminates this agreement for any reason or fails to renew this agreement, Customer will purchase all direct embroidered garments at the time they are removed from service at the then current replacement value.

**Yes** — Select No if customer does not want to participate in Uniform Advantage.

000009



## STANDARD UNIFORM RENTAL SERVICE AGREEMENT

1. The customer, its successors and assigns ("Customer") orders from CINTAS CORPORATION or any of its subsidiaries, successors and assigns ("Company") all of the Customer's requirements of garment rental services and other items covered by this agreement during the term of this agreement all in accordance with the pricing, terms and conditions contained herein. Pricing is based on 52 weeks billing per rental item per year.

2. All garments and other rented items will be cleaned and maintained by Company and remain the property of the Company. Any garments that require replacement due to normal wear will be replaced by Company at no charge to Customer.

3. Unless specified otherwise, the garments supplied under this agreement are not flame retardant or acid resistant and contain no special flame retardant or acid resistant features. Flame retardant and acid resistant garments are available from Company upon request. Customer agrees to notify its employees that their garments are not designed for use in areas of flammability risk or where contact with hazardous materials is possible. Customer warrants that none of the employees for whom garments are supplied under this agreement require flame retardant or acid resistant clothing.

4. Customer agrees to notify Company, in writing, of any hazardous materials that may be picked up by Company in the soiled garments or other textiles serviced under this agreement. In no case will hazardous materials be present to the extent that they may be harmful to Company's employees.

5. The weekly rental charge for any individual leaving the employ of Customer can be terminated, but only after all garments issued to that individual, or the current replacement value of same, have been returned or paid to Company. Any non standard, or special products (i.e., logo mats) must be purchased by the customer if service is stopped for any reason. If items are lost or damaged by any means Customer will pay the then current replacement values for said items. Should Customer require garment sizes that are outside the standard size range, Customer agrees to pay the specific premium price for those items and sizes designated under Uniform Pricing.

6. This agreement is effective as of the date of execution. The initial term of this agreement shall be as set forth on the front of this agreement and shall automatically renew for the same period of time unless Company is notified, to the contrary, in writing, 60 days in advance of the expiration of the then current term. Company has the right to increase prices. The Customer has the right to reject the increase within ten (10) days of the notice. If Customer rejects the price increase, Company may terminate this agreement.

7. If the Customer receives discount pricing due to bundling of products/services, Customer acknowledges that discount is subject to Customer continuing the bundling of the products/services. Should Customer discontinue bundling, pricing may be increased to the non discounted pricing. All invoices must be paid within ten days after the end of the month. Interest will accrue on any amounts which are not paid when due from the date due to the date of payment in full at an annual percentage rate equal to the lesser of (a) eighteen percent 18% or (b) the maximum rate permitted by applicable law.

8. Company is a licensee and not the owner of the Carhartt trademarked products. If Company should no longer have such license, then Company will substitute the Carhartt trademarked garments with garments of similar material and quality.

9. Customer hereby agrees to defend, indemnify and hold harmless Company from any claims and damages arising out of or associated with this agreement.

10. Company guarantees to deliver the highest quality textile rental service at all times. Any complaints about the quality of the service which have not been resolved in the normal course of business must be sent by registered letter to Company's General Manager. If Company then fails to resolve any material complaint in a reasonable period of time, Customer may terminate this agreement provided all rental items are paid for at the then current replacement values or returned to Company in good and usable condition.

11. Additional customer employees, products and services may be added to this agreement and shall automatically become part of and subject to the terms hereof this agreement, and subject to all of its provisions. If this agreement is terminated early, the parties agree that the damages sustained by Company will be substantial and difficult to ascertain. Therefore, if this agreement is terminated by Customer prior to the application expiration date for any reason other than documented quality of service reasons which are not cured as set forth above, or terminated by Company for cause at any time, Customer will pay to Company, as liquidated damages and not as a penalty, the greater of 50% of the average weekly invoice total multiplied by the number of weeks remaining in the unexpired term, or buy back all garments and other products allocated to Customer at the then current replacement values. Customer shall also be responsible for any unpaid charges on Customers account prior to termination.

12. Any dispute or matter arising in connection with or relating to this agreement shall be resolved by binding and final arbitration. The arbitration shall be conducted pursuant to applicable state or federal arbitration law. Any such dispute shall be determined on an individual basis, shall be considered unique as to its facts, and shall not be consolidated in any arbitration or other proceeding with any claim or controversy of any other party. The exclusive jurisdiction and forum for resolution of any such dispute shall lie in the state where Customer is located.

13. Customer certifies that Company is in no way infringing upon any existing contract between Customer and any other service provider

14. This agreement contains the entire agreement of the parties with respect to the subject matter of this agreement and supersedes all prior negotiations, agreements and understandings with respect thereto. This agreement may only be amended by a written document executed by all parties.

15. This Agreement may not be modified, amended or supplemented except in writing signed by an authorized representative of Cintas, provided, however, if a Federal, state or local governmental body or its representative is a party to this Agreement, the proposed modification, amendment or supplement must be in writing signed by a President or Senior Vice President of Cintas.

<u>Terms and Conditions Reviewed</u>     ☒

000010

By signing this agreement, I also authorize Cintas to check my credit to determine payment terms for this agreement.

By signing this agreement, the customer waives his/her signature as a requirement for services rendered. The customer agrees to pay all services in full without the signature on their weekly invoice(s). Customers with multiple weekly invoices have the option to waive their signature on all but one invoice or may waive their signature on all invoices. If the customer chooses to retain signature authority, the respective SSR must be able to contact the customer to obtain a delivery signature.

Single Invoices : Signature Waived

Multiple Invoices : Signature Waived All

Cintas Location No : 00082

I agree that I am authorized to sign on behalf of the   J&J Container

Cintas Sales Rep Sign : 

Please Sign Name : 

Cintas Sales Rep Name : Charlotte Brown

Please Print Name : Miguel Galera

Title : Sales Representative

Please Print Title : Office Manager

Customer Email Address: jjcontainer@att.net

000011

# IMMEDIATE BUY BACK AGREEMENT

## Non-Standard Product / Specialized Garments

J&J Container _____ (Customer) orders from CINTAS CORPORATION, that has employees requiring garments that are not standard to Company's current rental products.

In the event non-standard products are returned to Cintas for reasons other than normal wear, assigned to that employee at the rate listed below as the buy back rate. Customer agrees that any reason invoice.

These garments will be placed.

In the event the Customer deletes the non-standard product and the design of the garment and renew the rental agreement, the Customer agrees to buy back of the remaining product at 12% of service at the rate listed as buy back rate. Company may in its sole discretion sell these garments to company in good and usable condition.

Example 1. John Smith of ABC Resources rents non standard pants are returned in rentable condition, the company possession of the shirts.

Example 2. Mary Jones of AMD SteelFab rents non standard d/exception shirts and pants shirts and pants are secured for rental and the company is charged for all old shirts and customer's possession.

| Non-Standard Product and / or Special Garment | |
|---|---|
| | |

Cintas Location # 20082

Name _____

_____

_____

_____

000012

## END OF TERM BUY BACK AGREEMENT

### Non-Standard Product/Special Size Merchandise

J&J Cont...
service f...

In the c...
terminat...
products/special size products that company has in its stock at time ...
may in its sole discretion elect to retain ...
usable condition.

| Non-Standard ... | |
|---|---|
| | |

Cintas Location # . 00082

Name

Date 10/17/2013

Company Name  J&J Container

Phone  (713) 440-1120

Contact Name _____

| Emp # | Employee Name | Name for Line 1 / Name for Line 2 | Item | Top | | | | | Bottom | | | | | Employee Signature |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Color | Sleeve Length | Sleeve Inv | Size | Item | Inv | Color | Wst | Insm | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

000014

| Emp # | Employee Name | Name for Line 1 Name for Line 2 | Item | Top | | | | Item | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Color | Sleeve Length | Sleeve Sty. | Size | | | | | | |

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

000015



# The State of Texas
## Secretary of State

2014-238540-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition in the cause styled:

> CINTAS-R.U.S., LP. VS. J & J CONTAINER MANUFACTURING, INC.
> County Civil Court at Law #3, Harris County, Texas
> Cause No: 1044425

was received by this office on April 2, 2014, and that a copy was forwarded on April 7, 2014, by CERTIFIED MAIL, return receipt requested to:

> J & J Container Manufacturing, Inc.
> Registered Agent, Anthony Lewis Cook
> 6124 W. Little York
> Houston, TX 77091

The PROCESS was returned to this office on April 23, 2014, Bearing the notation Return To Sender, Not Deliverable As Addressed, Unable To Forward.



Date issued: April 24, 2014

*Nandita Berry*

Nandita Berry
Secretary of State

CT/vo

4-28-14

000016

CAUSE NO. 1044425

| | | |
|---|---|---|
| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cintas-R.U.S., L.P., Plaintiff in the above-styled and numbered Cause, and files this its Motion for Default Judgment against Defendant, J & J Container Manufacturing, Inc., and as grounds therefore would show the Court the following:

**I.**

Cintas-R.U.S., L.P., Plaintiff, filed its Plaintiff's Original Petition on February 27, 2014.

**II.**

Defendant, J & J Container Manufacturing, Inc., was duly served with citation via the Texas Secretary of State on April 7, 2014. The citation bearing the signed return has been on file with the clerk of this court more than ten (10) days prior to the date of this motion, pursuant to TEX. R. Civ. P. 107.

**III.**

Defendant's answer date was Monday, April 28, 2014, pursuant to TEX. R. Civ. P. 237. Defendant has failed to file an answer or otherwise appear herein as required by law.

Plaintiff's claim is liquidated and is proven by a true and correct copy of the Standard Uniform Rental Service Agreement and the affidavit of John Ayers that are attached as Exhibits "A" & "B," respectively. Plaintiff's claim for attorney's fees is supported by the Affidavit of Allen D.

Russell also attached and identified as Exhibit "C."

**WHEREFORE, PREMISES CONSIDERED,** Cintas-R.U.S., L.P., Plaintiff herein, prays that the Court grant a judgment by default against the Defendant, J & J Container Manufacturing, Inc., for the amount of damages sustained by Cintas, and which is proven by the exhibits attached, plus all accrued interest, attorney's fees, costs of court and for such other and further relief, at law or in equity, both general or special to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No.00784889
815 Walker, Suite 250
Houston, Texas 77002
arussell@taylaw.com
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

**ATTORNEY FOR PLAINTIFF**
**CINTAS-R.U.S., L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, a true and correct copy of the foregoing Plaintiff's Motion for Default Judgment has been forwarded via facsimile and/or certified mail, return receipt requested to:

Anthony Lewis Cook
J & J Container Manufacturing, Inc.
6124 W. Little York
Houston, Texas 77091

Allen D. Russell



MLRA/NA : _____     Account Number : _____

# STANDARD UNIFORM RENTAL SERVICE AGREEMENT

Contract No. : _____

Date :08/07/2013 _____

Customer Name : J&J Container _____     DBA Name : _____

Delivery Address : 1526 DeSoto _____     Delivery Add Line 2: _____

City : Houston _____     State: Texas _____     Zip : 77091 ___ - ___     Phone : (713) 440-0120

## UNIFORM PRICING:

| Item # | Description | Inventory | Del Freq | Unit Price |
|---|---|---|---|---|
| 00935 | COMFORT SHIRT | 1 | W - Weekly Delivery | $0.280 |
| 00330 | COTTON WORK SHIRT | 1 | W - Weekly Delivery | $0.370 |
| 00894 | DENIM JEAN | 9 | W - Weekly Delivery | $0.490 |
| 00382 | CARHARTT CARP JN | 1 | W - Weekly Delivery | $0.490 |

- This agreement is effective as of the date of execution for a term of   36   months from the date of installation.

- The additional charges listed below are subject to adjustment by Company effective upon notice to Customer, which notice may be in the form of an invoice.
- Name Emblem  $ 1.50 _____ ea    • Company Emblem $ 2.25 _____ ea
- Custom Emblem $ 2.50 _____ ea    • Embroidery $ 4.99 _____ ea (direct embroidery requires a buy back agreement)

   **Pricing of emblems is valid for initial installation only.**

- COD Terms $ 16.50 _____ per delivery charge for prior service (if Amount Due is Carried to Following Delivery)
- Credit Terms - Charge Payments Due 10 Days After End of Month

## AUTOMATIC LOST REPLACEMENT CHARGE DETAILS

| Item # | % of Inventory | Price / ea |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

- Minimum Charge: $ 40.00 _____ per delivery.
- Make-up Charge: $ 2.25 _____ per garment.
- Non-Standard/Special Cut Garment (i.e., non-standard, non-stocked, unusually small or large sizes, unusually short or long sleeve or length, etc) premium  $ 0.15 _____ per garment per delivery.
- Seasonal Sleeve Change $ 3.00 _____ per change per garment.
- Under no circumstances will the Company accept textiles bearing free liquid.  Shop towels may not be used to clean up oil or solvent spills.
   Shop towel container $ _____ per delivery.
- Artwork Charge for Logomat $ 125.00 _____
- Uniform Storage      Lockers:$ _____ ea/delivery, Laundry Lock-up: $ _____ ea/delivery      Shipping: $ _____
- Service Charge $ 8.95 _____ per delivery.

   This Service Charge is used to help Company pay various fluctuating current and future costs including, but not limited to, costs directly or indirectly related to the environment, energy issues, service and delivery of goods and services, in addition to other miscellaneous costs incurred or that may be incurred in the future by Company.

- Size Change: Customer agrees to have employees measured by a Cintas representative using garment "size samples". A charge of
   $ 5.00 _____ per garment will be assessed for employees size changed within 4 weeks of installation.

Exhibit A



• Uniform Advantage $ 0.08 _____ per garment.

Uniform Advantage covers damaged garments needing replaced outside of normal wear and tear. Uniform Advantage does not cover lost or unreturned garments. The Customer or Company may cancel Uniform Advantage at any time.

• Other: _____

## FACILITY SERVICES PRODUCTS PRICING:

| Bundle | Item # | Description | Rental Freq | Inventory | Unit Price | Discount |
|--------|--------|-------------|-------------|-----------|-----------|----------|
|        |        |             |             |           |           |          |

☐ Floor          ☐ Restroom          ☐ Kitchen          ☐ Restaurant

No      Select Yes if Unilease. All garments will be cleaned by Customer.

No      Select Yes if receiving Linen Service. Company may make periodic physical inventories of items in possession or under control of Customer.

No      Select Yes if receiving direct embroidery. If service is discontinued for any employee, or Customer deletes any of the garments with the direct embroidery for any reason, or terminates this agreement for any reason or fails to renew this agreement, Customer will purchase all direct embroidered garments at the time they are removed from service at the then current replacement value.

Yes     Select No if customer does not want to participate in Uniform Advantage.



# STANDARD UNIFORM RENTAL SERVICE AGREEMENT

1. The customer, its successors and assigns ("Customer") orders from CINTAS CORPORATION or any of its subsidiaries, successors and assigns ("Company") all of the Customer's requirements of garment rental services and other items covered by this agreement during the term of this agreement all in accordance with the pricing, terms and conditions contained herein. Pricing is based on 52 weeks billing per rental item per year.

2. All garments and other rented items will be cleaned and maintained by Company and remain the property of the Company. Any garments that require replacement due to normal wear will be replaced by Company at no charge to Customer.

3. Unless specified otherwise, the garments supplied under this agreement are not flame retardant or acid resistant and contain no special flame retardant or acid resistant features. Flame retardant and acid resistant garments are available from Company upon request. Customer agrees to notify its employees that their garments are not designed for use in areas of flammability risk or where contact with hazardous materials is possible. Customer warrants that none of the employees for whom garments are supplied under this agreement require flame retardant or acid resistant clothing.

4. Customer agrees to notify Company, in writing, of any hazardous materials that may be picked up by Company in the soiled garments or other textiles serviced under this agreement. In no case will hazardous materials be present to the extent that they may be harmful to Company's employees.

5. The weekly rental charge for any individual leaving the employ of Customer can be terminated, but only after all garments issued to that individual, or the current replacement value of same, have been returned or paid to Company. Any non-standard, or special products (i.e., logo mats) must be purchased by the customer if service is stopped for any reason. If items are lost or damaged by any means Customer will pay the then current replacement values for said items. Should Customer require garment sizes that are outside the standard size range, Customer agrees to pay the specific premium price for those items and sizes designated under Uniform Pricing.

6. This agreement is effective as of the date of execution. The initial term of this agreement shall be as set forth on the front of this agreement and shall automatically renew for the same period of time unless Company is notified, to the contrary, in writing, 60 days in advance of the expiration of the then current term. Company has the right to increase prices. The Customer has the right to reject the increase within ten (10) days of the notice. If Customer rejects the price increase, Company may terminate this agreement.

7. If the Customer receives discount pricing due to bundling of products/services, Customer acknowledges that discount is subject to Customer continuing the bundling of the products/services. Should Customer discontinue bundling, pricing may be increased to the non discounted pricing. All invoices must be paid within ten days after the end of the month. Interest will accrue on any amounts which are not paid when due from the date due to the date of payment in full at an annual percentage rate equal to the lesser of (a) eighteen percent 18% or (b) the maximum rate permitted by applicable law.

8. Company is a licensee and not the owner of the Carhartt trademarked products. If Company should no longer have such license, then Company will substitute the Carhartt trademarked garments with garments of similar material and quality.

9. Customer hereby agrees to defend, indemnify and hold harmless Company from any claims and damages arising out of or associated with this agreement.

10. Company guarantees to deliver the highest quality textile rental service at all times. Any complaints about the quality of the service which have not been resolved in the normal course of business must be sent by registered letter to Company's General Manager. If Company then fails to resolve any material complaint in a reasonable period of time, Customer may terminate this agreement provided all rental items are paid for at the then current replacement values or returned to Company in good and usable condition.

11. Additional customer employees, products and services may be added to this agreement and shall automatically become part of and subject to the terms hereof this agreement, and subject to all of its provisions. If this agreement is terminated early, the parties agree that the damages sustained by Company will be substantial and difficult to ascertain. Therefore, if this agreement is terminated by Customer prior to the application expiration date for any reason other than documented quality of service reasons which are not cured as set forth above, or terminated by Company for cause at any time, Customer will pay to Company, as liquidated damages and not as a penalty, the greater of 50% of the average weekly invoice total multiplied by the number of weeks remaining in the unexpired term, or buy back all garments and other products allocated to Customer at the then current replacement values. Customer shall also be responsible for any unpaid charges on Customers account prior to termination.

12. Any dispute or matter arising in connection with or relating to this agreement shall be resolved by binding and final arbitration. The arbitration shall be conducted pursuant to applicable state or federal arbitration law. Any such dispute shall be determined on an individual basis, shall be considered unique as to its facts, and shall not be consolidated in any arbitration or other proceeding with any claim or controversy of any other party. The exclusive jurisdiction and forum for resolution of any such dispute shall lie in the state where Customer is located.

13. Customer certifies that Company is in no way infringing upon any existing contract between Customer and any other service provider.

14. This agreement contains the entire agreement of the parties with respect to the subject matter of this agreement and supersedes all prior negotiations, agreements and understandings with respect thereto. This agreement may only be amended by a written document executed by all parties.

15. This Agreement may not be modified, amended or supplemented except in writing signed by an authorized representative of Cintas, provided, however, if a Federal, state or local governmental body or its representative is a party to this Agreement, the proposed modification, amendment or supplement must be in writing signed by a President or Senior Vice President of Cintas.

<u>Terms and Conditions Reviewed</u>     ☒

000021

By signing this agreement, I also authorize Cintas to check my credit to determine payment terms for this agreement.

By signing this agreement, the customer waives his/her signature as a requirement for services rendered. The customer agrees to pay all services in full without the signature on their weekly invoice(s). Customers with multiple weekly invoices have the option to waive their signature on all but one invoice or may waive their signature on all invoices. If the customer chooses to retain signature authority, the respective SSR must be able to contact the customer to obtain a delivery signature.

Single Invoices : Signature Waived

Multiple Invoices : Signature Waived All

Cintas Location No : 00082

I agree that I am authorized to sign on behalf of the J&J Container

Cintas Sales Rep Sign :

Please Sign Name :

Cintas Sales Rep Name : Charlotte Brown

Please Print Name : Miguel Galera

Title : Sales Representative

Please Print Title : Office Manager

Customer Email Address: jjcontainer@att.net

000022

# IMMEDIATE BUY BACK

## Non-Standard Products

XYZ Company _____ (Company) offers rental to employees requiring garments that are not standard to XYZ's standard products.

In the event that a standard products are adequate [illegible] designed to that employee of the right fit and [illegible]

//////////////////////////////////////////////////////////////////
Document [illegible]
//////////////////////////////////////////////////////////////////

In the event the customer deletes these non-standard products and [illegible] cease the rental agreement, the customer agrees to buy [illegible] in the non-standard service at the rate listed as buy back rate. Company [illegible] agreements to [illegible]

Example 1: [illegible] pants are returned in rentable condition [illegible] possession of the shirts.

Example 2: Mary Jones of AMD Steel lab rents non-standard/exception shirts at [illegible] shirts and pants are secured for rental and the company is charged for all of them, and [illegible] customer's possession

| Non-Standard Product and [illegible] | |
|---|---|
| | |

Customer Signature x [illegible]

//////////////////////////////////////////////////////////////////
Document [illegible]
//////////////////////////////////////////////////////////////////

Name _____                    _____

_____                    _____

//////////////////////////////////////////////////////////////////
[illegible]
//////////////////////////////////////////////////////////////////

000023

## END OF TERM BU...

### Non-Standard Produ...

JRJ Conf...
Service T...

In the c...
reasor of...
...
that ...
...

| ... | |
|---|---|
| | |

Cintas Location # : 00082



Name _____

Date  10/17/2013

000024

201406051/5341-0102

# SIZING SHEET

.. Name  J&J Container

.. Number  (713) 440-0120

Contact Name

at . .. .. y   .y F .y.

| Emp # | Employee Name | Name for Line 1 | Item | Top | | | | | | Bottom | | | | | Employee Signature |
| | | Name for Line 2 | | Color | Sleeve Length | Sleeve Inv | Size | Item | Inv | Item | Color | Wst | Inam | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

000025

20140605...1351.0103

| Emp # | Employee Name | Name for Line 1 / Name for Line 2 | Item | Color | Sleeve Length | Sleeve Inv. | Size | Item Inv. | Item | Employee Signature |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |

Top

000026

CAUSE NO. 1044425

| | | |
|---|---|---|
| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

KNOW ALL MEN BY THESE PRESENTS:

BEFORE ME, the undersigned authority, on this day personally appeared John Ayers who being first duly sworn, stated as follows:

1. "My name is John Ayers. I understand I am under oath in making this affidavit. I am an individual of at least eighteen (18) years of age, of sound mind, and am fully competent to make this affidavit.

2. "I am the General Manager of Cintas-R.U.S., L.P., Location 082, ("Cintas"), Plaintiff in the above styled and numbered cause. In such capacity, I have authority to make this affidavit on behalf of Cintas and I have personal knowledge of the facts stated in the attached Motion and in this affidavit, and all such facts are true and correct.

3. "Cintas and J & J Container Manufacturing, Inc. entered into a Standard Uniform Rental Service Agreement whereby Cintas agreed to furnish merchandise, equipment and services to said Defendant. A true and correct copy of the Agreement is attached to this Motion as Exhibit A and is incorporated herein by reference for all purposes.

4. "The contract was for a period of thirty-six months. J & J Container Manufacturing, Inc. promised to pay Cintas the weekly rental and service fees plus sales tax due and payable. Defendant defaulted in making its required rental payments under the Agreement, and failed to tender the full weekly rental payments. The outstanding account balance due and owing to Cintas from J & J Container Manufacturing, Inc. is the sum of $441.46.

5. "J & J Container Manufacturing, Inc. agreed and promised to pay Cintas, pursuant to the terms of the Agreement, liquidated damages based on the calculations provided for in the Agreement. The contract was terminated on October 15, 2013, leaving 146 weeks remaining on the term of the contract. The weekly invoice amount is $189.24.



Exhibit
B

Therefore, under the calculations provided in the contract, Defendant owes $13,814.52 in liquidated damages.

6. "The claim of Cintas against J & J Container Manufacturing, Inc. in the amounts set forth above is just and true, and the claim is currently due and owing and all just and lawful offsets, payments and credits have been allowed. Cintas fully performed under the terms of the Agreement.

7. "Cintas retained the law firm of Taylor, Taylor & Russell to initiate and prosecute the lawful and just claim of Cintas against J & J Container Manufacturing, Inc. Cintas has agreed to pay Taylor, Taylor & Russell reasonable attorneys' fees for all legal services rendered in connection with such claim.

Further Affiant sayeth not.

_____
John Ayers
Cintas-R.U.S., L.P.

SUBSCRIBED AND SWORN TO BEFORE ME, by the said John Ayers, on this the 14 day of MAY, 2014.

_____
Notary Public in and for the State of Texas

JUDY MALEAH CHAPMAN
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-12-2015

CAUSE NO. 1044425

| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF
## LAST KNOWN ADDRESS

STATE OF TEXAS          §

COUNTY OF HARRIS     §

KNOW ALL MEN BY THESE PRESENTS:

BEFORE ME, the undersigned authority, on this day personally appeared, John Ayers, who being first duly sworn, stated as follows:

"My name is John Ayers. I understand I am under oath in making this affidavit. I am the General Manager of Cintas-R.U.S., L.P., Location 082, Plaintiff in the above styled and numbered cause. I am an individual of at least eighteen (18) years of age, of sound mind, and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, all of which are true and correct.

"I certify that the last known address of the registered agent of the Defendant, J & J Container Manufacturing, Inc., is 6124 W. Little York, Houston, Texas 77091."

Further Affiant sayeth not.

_____
John Ayers
Cintas-R.U.S., L.P.

SUBSCRIBED AND SWORN TO BEFORE ME, by the said John Ayers, on this the _16_ day of _MAY_, 2014.

_____
Notary Public in and for the State of Texas

JUDY MALEAH CHAPMAN
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-12-2015

000029

## CAUSE NO. 1044425

| | | |
|---|---|---|
| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF HARRIS | § |

KNOW ALL MEN BY THESE PRESENTS:

BEFORE ME, the undersigned authority, on this day personally appeared Allen D. Russell, who being first duly sworn, stated as follows:

1. My name is Allen D. Russell. I am the attorney of record in the above styled and numbered cause for and on behalf of Cintas-R.U.S., L.P. herein. I am over eighteen (18) years of age and am fully competent and duly authorized to make this affidavit, which facts are true and correct.

2. I am an attorney duly licensed by the State of Texas and a partner of the law firm of Taylor, Taylor & Russell. I am currently practicing in Houston, Harris County, Texas. I am familiar with the fees charged by attorneys in and around Harris County, Texas, for services of a similar nature to those performed herein.

3. Cintas-R.U.S., L.P. has retained the law firm of Taylor, Taylor & Russell to represent it in this suit against J & J Container Manufacturing, Inc., Defendant herein.

4. All legal services performed on behalf of Cintas-R.U.S., L.P. have been reasonable and necessary.

5. In my opinion, the sum of no less than $2,500.00 is a reasonable and customary fee for the legal services performed in this matter for and on behalf of Cintas-R.U.S., L.P. in and around Harris County, Texas, through the granting of this Default Judgment, and collection efforts thereon. My opinion is based on a number of facts, including without limitation, to the following:

    A. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;



Exhibit
C

B.     The fee customarily charged in the locality for similar legal services;

C.     The amount involved;

D.     The time limitation imposed by the client and the circumstances;

E.     The nature and length of the professional relationship with the client; and

F.     The experience of the attorneys performing these services.

Further Affiant sayeth not.



_____
Allen D. Russell
Taylor, Taylor & Russell

**SUBSCRIBED AND SWORN TO BEFORE ME,** by the said Allen D. Russell, on this the 21st day of ___May___, 2014.

_____
Notary Public in and for the State of Texas

MICHAEL GREEN
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
6-17-2017



CAUSE NO. 1044425

| CINTAS-R.U.S., L.P. | § | IN THE COUNTY COURT |
|---|---|---|
| V. | § | AT LAW NO. 3 |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

**CLOSED**

## FINAL DEFAULT JUDGMENT

**BE IT REMEMBERED** that on this day, a day of the regular term of this Court, came on to be considered the Default Judgment in favor of Plaintiff wherein Cintas-R.U.S., L.P. is the Plaintiff and J & J Container Manufacturing, Inc. is the Defendant herein. The Defendant, J & J Container Manufacturing, Inc., having been duly cited, failed to appear and answer herein, and wholly made default.

The citation was served according to law and returned to the Clerk where it has remained on file for a period of at least ten (10) days prior to the date hereof. The Court has read the pleadings and papers on file and is of the opinion that all of the allegations contained in Plaintiff's Original Petition have been admitted by Defendant, J & J Container Manufacturing, Inc., and that the Plaintiff's cause of action is liquidated and proven by the injuries in support of Default Judgment. Further, after reviewing the documents, the court finds that the Default Judgment filed by Cintas-R.U.S., L.P. should be entered; Therefore, it is

**ORDERED, ADJUDGED and DECREED** that Cintas-R.U.S., L.P., Plaintiff, is granted judgment as to liability for all actual damages as well as reasonable and necessary attorney's fees to which it may be entitled to have and recover against Defendant, J & J Container Manufacturing, Inc., as follows:

1. Liquidated damages pursuant to the Standard Uniform Rental Service Agreement in the total amount of $13,814.52;

2. Damages for unpaid invoices in the total amount of $441.46;

3. Prejudgment interest from February 23, 2014 at the rate of 6% per annum on the total amount of the judgment in the sum of $213.84;

4. Post-judgment interest on the entire amount of the judgment at the rate of 5% until such judgment is paid in full;

5. Reasonable and necessary attorney's fees in the sum of Two Thousand, Five Hundred and No/100 Dollars ($2,500.00);

6. Any and all costs of court incurred herein;

7. All relief not expressly granted herein is hereby DENIED; and

8. For all writs and processes necessary to enforce the judgment granted.

SIGNED this ___3___ day of _____, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND
ENTRY REQUESTED BY:

TAYLOR, TAYLOR & RUSSELL

Allen D. Russell
State Bar No. 00784889
815 Walker, Suite 250
Houston, Texas 77002
arussell@taylaw.com
(713) 615-6060  Telephone
(713) 615-6070  Facsimile

ATTORNEY FOR PLAINTIFF
CINTAS-R.U.S., L.P.

Defendant's Last Known Address:
Anthony Lewis Cook
J & J Container Manufacturing, Inc.
6124 W. Little York
Houston, Texas 77091

FILED
2014 JUN -3 PM 1:02
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

+ 000033

FILED
11/18/2014 7:33:17 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1044425

| | | |
|---|---|---|
| CINTAS-R. U.S., L.P. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | |
| | § | AT LAW NO. 3 (THREE) |
| | § | |
| J & J CONTAINER | § | |
| MANUFACTURING, INC. | § | HARRIS COUNTY, TEXAS |

## NOTICE OF INTENT TO FILE RESTRICTED APPEAL

TO THE COURT OF APPEALS:

COMES NOW, J & J CONTAINER MANUFACTURING, INC., defendant in the matter identified below and informs the court that it wishes to appeal the matter identified below and in support would show unto the court the following:

A. The deadline for filing a Restricted Appeal is November 29, 2014.

B. The trial court is the Harris County Civil Court at Law, No. 3. The trial court granted Plaintiff's Motion for Default Judgment. The trial court's order granting the Default Judgment was signed on June 3, 2014.

C. The case number is 1044425; *Cintas-R.U.S., LP. vs. J & J Container Manufacturing, Inc.* in Harris County Civil Court at Law No. 3.

We respectfully request that the Court of Appeals docket this matter in either the First or Fourteenth Court of Appeals.

Respectfully submitted,

M. Robert Garcia
SBN: 07639150
405 Main Street, Suite 300
Houston, TX 77002
(713) 223-0908
(713) 29-9448 Fax
Mrobgarcia@aol.com
ATTORNEY FOR APPELLANT
J & J CONTAINER MANUFACTURING,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served on all counsel of record and filed with the trial court on this the 18th day of November, 2014, in accordance with the Texas Rules of Civil Procedure, addressed as follows:

The Honorable Linda Storey
Harris County Civil Court No. 3
201 Caroline, Floor
Houston, TX 77002

Allen David Russell
Taylor Taylor & Russell
815 Walker, Suite 250
Houston, TX 77002

_____
M. Robert Garcia

# Local Rule Notice of and Assignment of Related Case in Appeals

As required by the Local Rules Relating to Assignment of Related Cases to and Transfers of Related Cases between the First and Fourteenth Courts of Appeals, I certify that the following related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals:

☒ None

☐ Caption: _____

Trial court
case number: *County Court at Law No. 3 - 1044425*

Appellate court
case number: _____

_____
[Signature of certifying attorney or pro se party]

___11-18-2014___
[Date]

**Note:** See Local Rules for the definitions of "underlying case," "related," and "previously filed."

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

000036

# OFFICE OF STAN STANART
COUNTY CLERK, HARRIS COUNTY, TEXAS
CIVIL COURTS DEPARTMENT

THE STATE OF TEXAS
COUNTY OF HARRIS

I, STAN STANART, Harris County Clerk, Clerk of the County Civil Court at Law No. Three (3) and for Harris County, State of Texas, do hereby certify that the above foregoing are true and correct copies of all the proceedings directed by counsel to be included in the transcript had in the case no. 1044425.

CINTAS-R. U.S., L.P.
vs.
J & J CONTAINER MANUFACTURING INC

As the same appear from the originals now on file and of record in this office. Given under my hand and seal of said court in the city of Houston, Harris County, on December 8, 2014.

Office of STAN STANART,
Harris County, Texas
Civil Court of Law

/S/Joshua Alegria
Joshua Alegria
Deputy Clerk



CCCL-2014-409100

000037

# Docket Sheet

| Event Date | Party | Event Type | Description |
|---|---|---|---|
| 2/27/2014 | CINTAS-RUS LP | Case Initiation Event | |
| 2/27/2014 | J & J CONTAINER MANUFACTURING INC | Case Initiation Event | |
| 2/27/2014 | RUSSELL, ALLEN DAVID | Case Initiation Event | |
| 2/27/2014 | | Civil Case Information Sheet | |
| 2/28/2014 | J & J CONTAINER MANUFACTURING INC | Citation Issued | |
| 3/10/2014 | CINTAS-RUS LP | Electronic Filing Fee | |
| 3/10/2014 | CINTAS-RUS LP | Cover Letter | |
| 3/17/2014 | J & J CONTAINER MANUFACTURING INC | Citation Issued | |
| 3/17/2014 | J & J CONTAINER MANUFACTURING INC | Citation Issued | |
| 3/28/2014 | RUSSELL, ALLEN DAVID | Crt 3-Order for Trial Setting-NonJury | |
| 5/2/2014 | CINTAS-RUS LP | Electronic Filing Fee | SECRETARY OF STATE CERTIFICATE |
| 5/1/2014 | | Letter | FROM VENITA OKPEGBUE |
| 5/1/2014 | J & J CONTAINER MANUFACTURING INC | Citation Returned | SECRETARY OF STATE SERVED ON 4-7-14 APPEARANCE DATE 4-28-14 |
| 5/21/2014 | CINTAS-RUS LP | Electronic Filing Fee | MOTION & ORDER FOR DEFAULT JUDGMENT |
| 5/21/2014 | J & J CONTAINER MANUFACTURING INC | Motion for Summary Judgment | MOTION FOR DEFAULT JUDGMENT |
| 6/3/2014 | J & J CONTAINER MANUFACTURING INC | Default Judgment and Notice | |
| 6/3/2014 | RUSSELL, ALLEN DAVID | Default Judgment and Notice | |
| 6/3/2014 | J & J CONTAINER MANUFACTURING INC | Default Judgment and Notice | |
| 6/3/2014 | RUSSELL, ALLEN DAVID | Default Judgment and Notice | |
| 6/3/2014 | J & J CONTAINER MANUFACTURING INC | Default Judgment and Notice | |

| | | | |
|---|---|---|---|
| 6/3/2014 | RUSSELL, ALLEN DAVID | Default Judgment and Notice | |
| 6/13/2014 | | Notices Returned | UNCLAIMED DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF |
| 6/30/2014 | CINTAS-RUS LP | Abstract of Judgment & Writ of Execution to be Issued | |
| 7/7/2014 | CINTAS-RUS LP | Abstract of Judgment | |
| 7/7/2014 | CINTAS-RUS LP | Execution Issued | |
| 7/7/2014 | CINTAS-RUS LP | Execution Issued | |
| 9/10/2014 | J & J CONTAINER MANUFACTURING INC | Execution Returned | EXECUTED SUB 701 |
| 11/18/2014 | J & J CONTAINER MANUFACTURING INC | Electronic Filing Fee | NOTICE OF INTENT |
| 11/18/2014 | J & J CONTAINER MANUFACTURING INC | Notice of Appeal | NOTICE OF INTENT TO FILE RESTRICTED APPEAL |
| 11/20/2014 | | Letter of Assignment | FILED WITH THE FIRST COURT OF APPEALS |
| 11/20/2014 | | Letter of Assignment | FILED WITH THE FIRST COURT OF APPEALS |
| 11/21/2014 | | Cost Letter | $38.00 FOR THE PREPARATION OF THE ORIGINAL CLERK'S RECORD |
| 11/21/2014 | | Letter | LETTER FROM THE FIRST COURT OF APPEALS |
| 12/4/2014 | J & J CONTAINER MANUFACTURING INC | Transcript Fee (Clerk's Record) | |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |

000039

Office of STAN STANART, County Clerk, Harris County, Texas
County Civil Courts Department

Address All Correspondence to:
P.O. Box 1525
Houston, TX 77251-1525

**Bill of Cost**
In
County Civil Court at Law No. Three (3)
Harris County, Texas
For

Docket No. 1044425

CCCL-2014-409103

| CINTAS-RUS LP | | J & J CONTAINER MANUFACTURING INC | |
|---|---|---|---|
| Plaintiff | | Defendant | |
| A.D.R.S. | 10.00 | A.D.R.S. | |
| A.J.F. | 5.00 | A.J.F. | |
| Constable | | Constable | |
| County Clerk | 56.00 | County Clerk | 38.00 |
| County Clerk-Cits. | 4.00 | County Clerk-Cits. | |
| Court Records Preserv. | 10.00 | Court Records Preserv. | |
| Court Reporter | 15.00 | Court Reporter | |
| Courthouse Security | 5.00 | Courthouse Security | |
| E-Filing Fees | 10.00 | E-Filing Fees | 4.00 |
| I.L.S. | 10.00 | I.L.S. | |
| Judicial Maintenance | 40.00 | Judicial Maintenance | |
| Judicial Support | 42.00 | Judicial Support | |
| Law Library | 15.00 | Law Library | |
| Records Management | 5.00 | Records Management | |
| State E-Filing Fee | 20.00 | Deposition(s) | |
| Total | $247.00 | Total | $42.00 |

Original Clerk's record of $38.00 was paid by Law Office of M. Robert Garcia, the attorney for the defendant on the 5th day of December, 2014.

**A true and correct Bill of Costs** in the above cause as shown by Fee Account Ledgers to with I hereby certify on December 8, 2014.

STAN STANART
County Civil Courts at Law
Harris County, Texas

/S/Joshua Alegria
Joshua Alegria
Deputy Clerk

Form No. H-01-311 (Rev. 08/15/2011)

000040

TAB  2

# Exhibit "B"

## CLERK'S RECORD

First Supplemental Clerk's Record

Trial Court Cause No. 1044425

In the County County Civil Courts Court Number Three (3)
of Harris County, Texas

Honorable LINDA STOREY, Judge Presiding

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/5/2015 8:55:16 AM
CHRISTOPHER A. PRINE
Clerk

Cintas-R. U.S., L.P., Plaintiff(s)

vs.

J & J Container Manufacturing, Inc., Defendant(s)

Appealed to the
1st Court of Appeals, at Houston, Texas

Attorney for Appellant(s):

Name: M. Robert Garcia

Address: 405 Main Street, Suite 300, Houston, Texas 77002

Telephone no.: (713) 223-0908

Fax no.: (713) 29-9448

E-mail address: Mrobgarcia@aol.com

SBOT no.: 07639150

Attorney for: J & J Container Manufacturing, Inc.

Name of clerk preparing the clerk's record: Alegria, Joshua (CCO)

000041

| Event Date | Event Type | Vol - Page |
|---|---|---|
| 2/5/2015 | Cover Page | 1 - 1 |
| 2/5/2015 | Index | 1 - 2 |
| 2/5/2015 | Caption | 1 - 3 |
| 3/17/2014 | Original Petition Citation | 1 - 4 |
| 6/3/2014 | Notice of Judgment | 1 - 5 |
| 6/3/2014 | Notice of Judgment | 1 - 6 |
| 6/13/2014 | Notices Returned | 1 - 8 |
| 5/1/2014 | Citation Returned | 1 - 10 |
| 1/29/2015 | Letter Requesting First Supplemental Clerk's Record | 1 - 11 |
| 2/5/2015 | Bill of Cost | 1 - 13 |
| 2/5/2015 | Docket Sheet | 1 - 14 |
| 2/5/2015 | Certification Page | 1 - 17 |

Comments:

000042

**OFFICE OF STAN STANART**
COUNTY CLERK, HARRIS COUNTY, TEXAS
CIVIL COURTS DEPARTMENT

**CAPTION**

THE STATE OF TEXAS

\*
\*
\*
\*
\*

IN THE COUNTY CIVIL COURT

AT LAW

HARRIS COUNTY, TEXAS

At a term of the County Civil Court at Law No. **Three (3)** of Harris County, Texas, this began in said county on the **3rd day of November, 2014** and which terminated on the **27th day of December, 2014.** The Honorable **LINDA STOREY** sitting as judge of said court, the following proceedings where had, to wit:

Docket No. **1044425**

\*
\*
\*
\*

IN THE COUNTY CIVIL COURT

AT LAW **Three (3)**

HARRIS COUNTY, TEXAS

**CINTAS-R US LP**
**VS.**
**J & J CONTAINER MANUFACTURING INC**

000043

# STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
## COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1044425**

Receipt Number: OOC          No Sheriff/Constable Fee Collected

CINTAS-R.U.S., LP.
**Plaintiff**                                    In The County Civil Court at Law No.Three (3)
VS.                                              201 Caroline / Suite 532
J & J CONTAINER MANUFACTURING, INC.              Houston, Harris County, Texas 77002
**Defendant**

CCCL-2014-88408

## THE STATE OF TEXAS
## ORIGINAL PETITION CITATION

TO:    J & J Container Manufacturing, Inc., is a corporation
      by Serving the Secretary of State
      Defendants Address: registered agent, Anthony Lewis Cook, 6124 W. Little York, Houston, Texas 77091

Attached is a copy of petition.
This instrument was filed on the 27th day of **February, 2014** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 17th day of March, 2014.

(SEAL)                                           STAN STANART, County Clerk
                                                 County Civil Court at Law No. Three (3),
                                                 201 Caroline, Suite 300
                                                 Harris County, Texas


                                                 _____
                                                 Terrence Latrelle Washington
                                                 Deputy County Clerk


REQUESTED BY:    ALLEN DAVID RUSSELL
                    TAYLOR TAYLOR & RUSSELL
                    815 WALKER, #250
                    HOUSTON, TEXAS 77002

000044

# OFFICE OF STAN STANART

COUNTY CLERK, HARRIS COUNTY, TEXAS

CIVIL COURTS DEPARTMENT

P.O. Box 15251 Houston, TX 77251-15251 (713) 755-6421

Date: June 4, 2014

DOCKET NUMBER: 1044425

CINTAS-RUS LP

VS.

J & J CONTAINER MANUFACTURING INC

IN THE COUNTY CIVIL COURT

AT LAW NO. Three (3)

HOUSTON, HARRIS COUNTY, TEXAS

**DEFAULT JUDGMENT**
**IN FAVOR OF PLAINTIFF**

**NOTICE OF JUDGMENT**

Texas Rules of Court require me to notify you that a Judgment has been rendered in the above numbered and styled cause.

Signed: 06/03/2014

Judge: LINDA STOREY

Sincerely,

STAN STANART

County Clerk, Harris County, Texas

Joe L. Belalcazar

Director

County Civil Courts Department

J & J CONTAINER MANUFACTURING INC

6124 W LITTLE YORK

HOUSTON, TEXAS 77091

Form No. H-01-96 (Rev. 04/01/2011)

# OFFICE OF STAN STANART
COUNTY CLERK, HARRIS COUNTY, TEXAS
CIVIL COURTS DEPARTMENT
P.O. Box 15251 Houston, TX 77251-15251 (713) 755-6421

Date: June 4, 2014

DOCKET NUMBER: <u>1044425</u>

CINTAS-RUS LP

VS.

J & J CONTAINER MANUFACTURING INC

IN THE COUNTY CIVIL COURT
AT LAW NO. Three (3)
HOUSTON, HARRIS COUNTY, TEXAS

**DEFAULT JUDGMENT
IN FAVOR OF PLAINTIFF**

**NOTICE OF JUDGMENT**

Texas Rules of Court require me to notify you that a Judgment has been rendered in the above numbered and styled cause.

Signed: 06/03/2014
Judge: LINDA STOREY

Sincerely,
STAN STANART
County Clerk, Harris County, Texas

Joe L. Belalcazar
Director
County Civil Courts Department

ALLEN DAVID RUSSELL
TAYLOR TAYLOR & RUSSELL
815 WALKER, #250
HOUSTON, TEXAS 77002

Form No. H-01-96 (Rev. 04/01/2011)

CCCL-2014-183819

Form No. H-01-96 (Rev. 04/01/2011)

000047



# OFFICE OF STAN STANART
COUNTY CLERK, HARRIS COUNTY, TEXAS
CIVIL COURTS DEPARTMENT
P.O. Box 1525●Houston, TX 77251-1525●(713) 755-6421

Date: June 4, 2014

DOCKET NUMBER: 1044425

CINTAS-RUS LP
VS.
J & J CONTAINER MANUFACTURING INC

IN THE COUNTY CIVIL COURT
AT LAW NO. Three (3)
HOUSTON, HARRIS COUNTY, TEXAS

## DEFAULT JUDGMENT
IN FAVOR OF PLAINTIFF

### NOTICE OF JUDGMENT

Texas Rules of Court require me to notify you that a Judgment has been rendered in the above numbered and styled cause.

Signed: 06/03/2014
Judge: LINDA STOREY

Sincerely,
STAN STANART
County Clerk, Harris County, Texas

Joe L. Belalcazar
Director
County Civil Courts Department



J & J CONTAINER MANUFACTURING INC
6124 W LITTLE YORK
HOUSTON, TEXAS 77091

Form No. H-01-96 (Rev. 04/01/2011)



**STAN STANART**
COUNTY CLERK
POST OFFICE BOX 1525
HOUSTON, TEXAS 77251-1525

RETURN SERVICE REQUESTED

PRESOR. ED
FIRST CLASS

neopost

US POSTAGE $000.38-

ZIP

060514

VTF

NIXIE          773    DE 1141      0006/11/14
                                        2 ACS<-
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

77251152525    BC: 77251152525    *0493-04089-11-19



# The State of Texas
### Secretary of State

2014-238540-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition in the cause styled:

    CINTAS-R.U.S., LP. VS. J & J CONTAINER MANUFACTURING, INC.
    County Civil Court at Law #3, Harris County, Texas
    Cause No: 1044425

was received by this office on April 2, 2014, and that a copy was forwarded on April 7, 2014, by CERTIFIED MAIL, return receipt requested to:

    J & J Container Manufacturing, Inc.
    Registered Agent, Anthony Lewis Cook
    6124 W. Little York
    Houston, TX 77091

The PROCESS was returned to this office on April 23, 2014, Bearing the notation Return To Sender, Not Deliverable As Addressed, Unable To Forward.



Date issued: April 24, 2014

*NanditaBerry*

Nandita Berry
**Secretary of State**

CT/vo

4-28-14

00005C

**M. ROBERT GARCIA**
ATTORNEY AT LAW
405 Main Street, Suite 300
Houston, TX 77002
(713) 223-0908
(713) 229-9448 FAX
Mrobgarcia@aol.com

January 29, 2015

Office of Stan Stanart                                    FILED ELECTRONICALLY
County Clerk
Harris County, Texas
Civil Courts Department
P.O. Box 1525
Houston, TX 77251-1525

Re:     Cause No. 1044425; *Cintas-R. U.S., L.P. vs. J & J Container Manufacturing, Inc.*, In
        County Civil Court at Law No. 3, Harris County, Texas

        First Court of Appeals Cause No: 01-14-0933-CV

Dear Mr. Stanart:

        I have today received a copy of the Trial Court's Record as tendered to the First Court of
Appeals. During inspection of said record, I discovered that the following documents were not
included:

        1.      Original Petition Citation
        2.      Unexecuted Original Petition Citation
        3.      Motion for Substituted Service and Order
        4.      Any Alias Citation(s) issued by the Court
        5.      Notice of Default Judgment in Favor of Plaintiff
        6.      Any document(s) indicating whether the Default Notice was delivered or not
        7.      The executed Citation and Process returned by the Texas Secretary of State to the
                trial court

        I hereby request that the Trial Court's Record be supplemented to include all of these
documents and/or to inform the Appellate Court that no such documents exist.

Please supplement the Trial Court's Record and forward to the First Court of Appeals as soon as possible. Appellant's brief is due on February 9, 2015, so time is of the essence.

Also, please provide me with a copy of the Trial Court's Supplemental Record as submitted to the Appellate Court. Please notify me of the cost involved and I will submit such fees immediately.

Thanking you in advance.

Sincerely,

M. Robert Garcia

MRG/ca

cc:    Clerk, First Court of Appeals

Office of STAN STANART, County Clerk, Harris County, Texas
County Civil Courts Department

Address All Correspondence to:
P.O. Box 1525
Houston, TX 77251-1525

**Bill of Cost**
In
County Civil Court at Law No. **Three (3)**
Harris County, Texas
For

Docket No. **1044425**

CCCL-2015-43791

| **CINTAS-RUS LP** | | **J & J CONTAINER MANUFACTURING INC** | |
|---|---|---|---|
| Plaintiff | | Defendant | |
| A.D.R.S. | 10.00 | A.D.R.S. | |
| A.J.F. | 5.00 | A.J.F. | |
| Constable | | Constable | |
| County Clerk | 56.00 | County Clerk | 53.00 |
| County Clerk-Cits. | 4.00 | County Clerk-Cits. | |
| Court Records Preserv. | 10.00 | Court Records Preserv. | |
| Court Reporter | 15.00 | Court Reporter | |
| Courthouse Security | 5.00 | Courthouse Security | |
| E-Filing Fees | 10.00 | E-Filing Fees | 6.00 |
| I.L.S. | 10.00 | I.L.S. | |
| Judicial Maintenance | 40.00 | Judicial Maintenance | |
| Judicial Support | 42.00 | Judicial Support | |
| Law Library | 15.00 | Law Library | |
| Records Management | 5.00 | Records Management | |
| Deposition(s) | 20.00 | Deposition(s) | |
| Total | $247.00 | Total | $59.00 |

First Supplemental Clerk's record of $15.00 was paid by M. Robert Garcia, the Attorney for the defendant, on the 4th day of February, 2015.

**A true and correct Bill of Costs** in the above cause as shown by Fee Account Ledgers to with I hereby certify on February 5, 2015.

STAN STANART
County Civil Courts at Law
Harris County, Texas

/S/Joshua Alegria
Joshua Alegria
Deputy Clerk

Form No. H-01-311 (Rev. 08/15/2011)

000053

# Docket Sheet

| Event Date | Party | Event Type | Description |
|---|---|---|---|
| 2/27/2014 | CINTAS-RUS LP | Case Initiation Event | |
| 2/27/2014 | J & J CONTAINER MANUFACTURING INC | Case Initiation Event | |
| 2/27/2014 | RUSSELL, ALLEN DAVID | Case Initiation Event | |
| 2/27/2014 | | Civil Case Information Sheet | |
| 2/28/2014 | J & J CONTAINER MANUFACTURING INC | Citation Issued | |
| 3/10/2014 | CINTAS-RUS LP | Electronic Filing Fee | |
| 3/10/2014 | CINTAS-RUS LP | Cover Letter | |
| 3/17/2014 | J & J CONTAINER MANUFACTURING INC | Citation Issued | |
| 3/17/2014 | J & J CONTAINER MANUFACTURING INC | Citation Issued | |
| 3/28/2014 | RUSSELL, ALLEN DAVID | Crt 3-Order for Trial Setting-NonJury | |
| 5/2/2014 | CINTAS-RUS LP | Electronic Filing Fee | SECRETARY OF STATE CERTIFICATE |
| 5/1/2014 | | Letter | FROM VENITA OKPEGBUE |
| 5/1/2014 | J & J CONTAINER MANUFACTURING INC | Citation Returned | SECRETARY OF STATE SERVED ON 4-7-14 APPEARANCE DATE 4-28-14 |
| 5/21/2014 | CINTAS-RUS LP | Electronic Filing Fee | MOTION & ORDER FOR DEFAULT JUDGMENT |
| 5/21/2014 | J & J CONTAINER MANUFACTURING INC | Motion for Summary Judgment | MOTION FOR DEFAULT JUDGMENT |
| 6/3/2014 | J & J CONTAINER MANUFACTURING INC | Default Judgment and Notice | |
| 6/3/2014 | RUSSELL, ALLEN DAVID | Default Judgment and Notice | |
| 6/3/2014 | J & J CONTAINER MANUFACTURING INC | Default Judgment and Notice | |
| 6/3/2014 | RUSSELL, ALLEN DAVID | Default Judgment and Notice | |
| 6/3/2014 | J & J CONTAINER MANUFACTURING INC | Default Judgment and Notice | |

000054

| Date | Party | Document | Notes |
|---|---|---|---|
| 6/3/2014 | RUSSELL, ALLEN DAVID | Default Judgment and Notice | |
| 6/13/2014 | | Notices Returned | UNCLAIMED DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF |
| 6/30/2014 | CINTAS-RUS LP | Abstract of Judgment & Writ of Execution to be Issued | |
| 7/7/2014 | CINTAS-RUS LP | Abstract of Judgment | |
| 7/7/2014 | CINTAS-RUS LP | Execution Issued | |
| 7/7/2014 | CINTAS-RUS LP | Execution Issued | |
| 9/10/2014 | J & J CONTAINER MANUFACTURING INC | Execution Returned | EXECUTED SUB 701 |
| 11/18/2014 | J & J CONTAINER MANUFACTURING INC | Electronic Filing Fee | NOTICE OF INTENT |
| 11/18/2014 | J & J CONTAINER MANUFACTURING INC | Notice of Appeal | NOTICE OF INTENT TO FILE RESTRICTED APPEAL |
| 11/20/2014 | | Letter of Assignment | FILED WITH THE FIRST COURT OF APPEALS |
| 11/20/2014 | | Letter of Assignment | FILED WITH THE FIRST COURT OF APPEALS |
| 11/21/2014 | | Cost Letter | $38.00 FOR THE PREPARATION OF THE ORIGINAL CLERK'S RECORD |
| 11/21/2014 | | Letter | LETTER FROM THE FIRST COURT OF APPEALS |
| 12/4/2014 | J & J CONTAINER MANUFACTURING INC | Transcript Fee (Clerk's Record) | |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/8/2014 | | Transcript | ORIGINAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 12/9/2014 | CINTAS-RUS LP | Appeal Notice | FILED BY THE FIRST COURT OF APPEALS |

000055

| Date | Party | Type | Description |
|---|---|---|---|
| 1/29/2015 | J & J CONTAINER MANUFACTURING INC | Electronic Filing Fee | REQUEST FOR SUPPLEMENTAL TRANSCRIPT |
| 1/29/2015 | | Letter | LETTER REQUESTING FIRST SUPPLEMENTAL CLERK'S RECORD |
| 2/4/2015 | | Cost Letter | $15.00 FOR THE PREPARATION OF THE FIRST SUPPLEMENTAL CLERK'S RECORD |
| 2/4/2015 | J & J CONTAINER MANUFACTURING INC | Transcript Fee (Clerk's Record) | |
| 2/5/2015 | | Transcript | FIRST SUPPLEMENTAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 2/5/2015 | | Transcript | FIRST SUPPLEMENTAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 2/5/2015 | | Transcript | FIRST SUPPLEMENTAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 2/5/2015 | | Transcript | FIRST SUPPLEMENTAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |
| 2/5/2015 | | Transcript | FIRST SUPPLEMENTAL CLERK'S RECORD FILED WITH THE FIRST COURT OF APPEALS |

# OFFICE OF STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### CIVIL COURTS DEPARTMENT

THE STATE OF TEXAS
COUNTY OF HARRIS

I, STAN STANART, Harris County Clerk, Clerk of the County Civil Court at Law No. Three (3) and for Harris County, State of Texas, do hereby certify that the above foregoing are true and correct copies of all the proceedings directed by counsel to be included in the transcript had in the case no. **1044425.**

CINTAS-R US LP
vs.
J & J CONTAINER MANUFACTURING INC

As the same appear from the originals now on file and of record in this office. Given under my hand and seal of said court in the city of Houston, Harris County, on February 5, 2015.

Office of STAN STANART,
Harris County, Texas
Civil Court of Law

/S/Joshua Alegria
Joshua Alegria
Deputy Clerk



000057